IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL A. CHEST, #N74322,  )
          Plaintiff,  )
    )
vs.  )
    )  Case No. 21-cv-1169-RJD
LOGAN BOON,  )
    )
          Defendant.  )
    )
    )

## ORDER

**DALY, Magistrate Judge:**

This case comes before the Court on Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Docs. 37 and 38). Plaintiff did not file a Response. As explained further, Defendant's Motion is GRANTED.

### Introduction

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") and filed this suit pursuant to 42 USC §1983. He alleges that Defendant Boon used excessive force against him at Pinckneyville Correctional Center ("Pinckneyville") in violation of the Eighth Amendment to the U.S. Constitution. In his original and Second Amended Complaints, Plaintiff alleged claims against other correctional officers at Pinckneyville and Shawnee Correctional Center, but those claims did not survive the Court's preliminary review conducted pursuant to 28 U.S.C. §1915A. Plaintiff's case proceeds on one Eighth Amendment claim against Defendant Boon.

Plaintiff was incarcerated at Pinckneyville when he filed this suit on September 22, 2021 and continues to be incarcerated there. In his Motion for Summary Judgment, Defendant Boon contends that Plaintiff's claim against him should be dismissed for Plaintiff's failure to exhaust his administrative remedies. Plaintiff's grievance records reflect that he has not appealed a grievance

to the Illinois Administrative Review Board since 2008 (Docs. 38-1 and 38-2).

Defendant filed his Motion for Summary Judgment on August 25, 2022. Along with the Motion, Defendant filed a Notice that informed Plaintiff of the consequences of failing to respond to the Motion for Summary Judgment within 30 days (Doc. 39). Plaintiff never responded.

### Legal Standards

*Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on

the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident or problem to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal an adverse decision by the Chief Administrative Officer to the Administrative Review Board; he must do so in writing and within 30 days of the Chief Administrative Officer's decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e). Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

## Discussion

To support his Motion for Summary Judgment, Defendant submitted an affidavit and record from the Administrative Review Board that reflects Plaintiff had not submitted any

grievance to the Administrative Review Board ("ARB") in the 13 years before he filed this suit. The Court acknowledges that there are limited circumstances in which a prisoner could fully exhaust his administrative remedies without appealing to the ARB. *See, e.g., Thornton v. Snyder*, 428 F.3d 690, 696 (7th Cir. 2005). Nothing before the Court suggests that such circumstances existed in this matter, because Plaintiff made no attempt to refute Defendant's Motion. Pursuant to Local Rule 7.1, a failure to respond to a motion for summary judgment within 30 days "may, in the Court's discretion, be considered an admission of the merits of the motion." Both the Court and defense counsel warned Plaintiff of the ramifications of Local Rule 7.1 (Docs. 36 and 39).

The Court notes that Plaintiff submitted a grievance at Pinckneyville several weeks before he filed his original Complaint, and attached that grievance to his original Complaint. (Doc. 1-1, pp. 5-7). It does not describe the alleged altercation with Defendant Boon (*Id*.). In his Second Amended Complaint, Plaintiff alleges that he submitted a grievance at Pinckneyville regarding the allegations in this lawsuit and as a result of that grievance, he was placed on crisis watch (Doc. 16, pp. 4, 5). Plaintiff alleges in the Second Amended Complaint that the altercation with Defendant Boon occurred while he was on crisis watch (*Id*. p. 6). The Court therefore infers that the grievance described in Plaintiff's Second Amended Complaint does not identify Defendant Boon because it was submitted before the alleged incident with Defendant Boon.

In sum, the record reflects that Plaintiff never attempted to exhaust his administrative remedies regarding his Eighth Amendment claim against Defendant Boon. Even if he attempted to submit a grievance regarding Defendant Boon, the record reflects that he has not fully exhausted any grievance since 2008. Summary judgment is therefore appropriate in favor of Defendant Boon and this matter is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 20, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

Case 3:21-cv-01169-RJD   Document 40   Filed 01/20/23   Page 5 of 5   Page ID #205